# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**FRONTIER DEVICES, INC.,**　　　　}
　　　　　　　　　　　　　　　　　}
　　**Plaintiffs,**　　　　　　　　}
　　　　　　　　　　　　　　　　　}
**v.**　　　　　　　　　　　　　　}　　**Case No.: 2:10-CV-01796-RDP**
　　　　　　　　　　　　　　　　　}
**MINSURG CORPORATION, INC., et**　}
**al,**　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　　}
　　**Defendants.**　　　　　　　　}

## MEMORANDUM OPINION

The court has before it (1) Plaintiff's Frontier Devices, Inc.'s Emergency Motion to Preliminarily Enjoin Defendants from Proceeding with a Duplicative Suit Filed in Florida and Requesting that the Court Determine Proper Venue Under the First-to-File Rule (Doc. # 16), filed August 10, 2010, and (2) Defendants' Second Motion to Dismiss Or, in the Alternative, To Stay or Transfer (Doc. # 22), filed August 23, 2010.

**I.**　　**Background and Procedural History**

Plaintiff Frontier Devices, Inc. ("Frontier") was incorporated in Alabama in 2007. (Doc. # 1 at ¶ 12). It manufactures and distributes medical implant products, including machined allograft cortical bone dowels used in spinal fusion surgery. (Doc. # 1 at ¶ 12).

Defendant minSURG International ("minSURG") was incorporated in Florida in 2008. (Doc. # 21 at ¶ 11). On May 4, 2010, the United States Patent and Trademark office issued what is referred to in this litigation as the "'761" patent to minSURG. (Doc. # 1 at ¶ 34; Doc. # 21-1). This patent covers an arthroscopic type portal facet surgical technique used in spinal fusion surgery. (Doc. # 1 at ¶¶ 34-35).

In early 2010, after entry of the Notice Allowance of the '761 patent, but before issuance of the patent itself, minSURG apparently communicated to physicians using Frontier's products and potential distributors of those products its contention that use of Frontier's products would infringe on its soon-to-be-issued patent. (Doc. # 21 at ¶¶ 40-41).

After obtaining the '761 patent, on June 3, 2010, minSURG's attorney wrote to Frontier to notify Frontier of minSURG's contention that Frontier was infringing on the '761 patent. (Doc. # 4-2). minSURG's attorney invited Frontier to discuss the matter, but requested a response to its allegation of infringement. (Doc. # 4-2).

On July 2, 2010, Frontier initiated this action seeking a declaration of non-infringement and damages for unfair competition and false advertising. (Doc. # 1 at ¶ 1). On July 19, 2010, minSURG initiated a patent infringement action against Frontier and various other defendants in the Middle District of Florida, Case No. 8:10-CV-1589-VMC-EAJ.

Interestingly, another one of the Defendants in the Florida case, Nufix, Inc., also filed a declaration of non-infringement action against minSURG in this District. *Nufix Inc. et al. v. minSURG Corporation Inc. et al.*, Case No. 2:10-CV-01747-KOB. Furthermore, Nufix, Inc. and two of the other defendants in the Florida case, Bacterin International, Inc. and Kenneth Horton, have been before this court twice before. *See Nufix, Inc et al v. Bacterin International, Inc.*, Case No. 2:08-CV-01418-RDP and *Nufix, Inc et al v. Bacterin International, Inc.*, 2:09-CV-00093-RDP.

In the current motions before the court, Defendants seeks to dismiss or stay Plaintiff's claims in light of the Florida case or, in the alternative, to transfer the claims in this case to Florida. (Doc. # 22). Plaintiff seeks an injunction prohibiting the Florida case from proceeding. (Doc. # 16).

## II.   Analysis

### A.   First-to-File Rule

The "first-filed rule" is a well-established rule of comity which provides that when parties have filed competing or parallel litigation in separate courts, the first court to obtain jurisdiction is generally the one which should hear the case. *Allstate Ins. Co. v. Clohessy*, 9 F.Supp.2d 1314, 1315-16 (M.D. Fla.1998); *see also Manuel v. Convergys Corp.*, 430 F.3d 1132, 1136 (11th Cir. 2005). The purpose of the rule is to promote judicial efficiency by avoiding (1) waste and duplication, (2) rulings which may undermine the authority of sister courts, and (3) piecemeal resolution of issues that call for a uniform result. *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985). However, "the first-filed rule should not be applied too rigidly or mechanically and a [d]istrict [c]ourt may in its discretion decline to follow the first-filed rule if following it would frustrate rather than further these purposes." *United States v. 22.58 Acres of Land*, 2010 WL 4311254, *5 (M.D. Ala. 2010) (citing *Alltrade, Inc. v. Uniweld Prods, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)). In particular, a district court may, in order to avoid duplicative litigation, decline to exercise jurisdiction over a declaratory judgment action where an infringement action involving the same parties and patents is pending in another federal district court. *See Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-96 (9th Cir. 1982). Such a result is warranted in a case such as this case involving disputes over patents. "Avoiding piecemeal litigation in the 'complex and technical area of patent and trademark law' is desirable." *Excentus Corp. v. Kroger Co.*, 2010 WL 3606016, *4 (N.D. Tex. 2010) (quoting *Wolf Designs, Inc. v. Donald Mcevoy Ltd., Inc.*, 341 F.Supp.2d 639, 645 (N.D. Tex. 2004) (citing *Whistler Group, Inc. v. PNI Corp.*, 2003 WL 22939214, *5 (N.D. Tex. 2003))).

Generally, "the 'first-filed' court, is the more appropriate forum in which to determine

whether the first-filed case should proceed, or whether it should give way for reasons of judicial economy to th[e later-filed] action." *See, e.g., Supreme Intern. Corp. v. Anheuser-Busch, Inc.*, 972 F.Supp. 604, 607 (S.D. Fla. 1997).

> District courts have the discretion to dispense with the first-to-file rule where equity so demands. A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing. Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, *anticipatory suits, and forum shopping*.

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551-52 (6th Cir. 2007) (emphasis in original) (quoting *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.*, 16 Fed.Appx. 433, 437 (6th Cir. 2001)). "Cases construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create, in practical effect, a presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit." *Certified Restoration Dry Cleaning Network, L.L.C.*, 511 F.3d at 552 (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n. 8 (6th Cir. 2004) (in turn quoting *UAW v. Dana Corp.*, 1999 WL 33237054, at *6 (N.D. Ohio 1999))).

Application of these concepts to the situation at hand, and taking into consideration the anticipatory nature of the filing of this case, leads to the conclusion that this court should transfer the claims before it to the Middle District of Florida where all of the claims related to this controversy can be heard before one court without the risk of inconsistent rulings.

**B.    28 U.S.C. § 1404(a)**

This court not only has the authority to determine that the the first-filed rule does not apply and therefore transfer the case to a different forum, *Goldsby v. Ash,* 2010 WL 1658703, * 2 (M.D. Ala. 2010), but also, under 28 U.S.C. § 1404(a), a district court may transfer any civil action to a district where it could have been brought for (1) the convenience of the parties, (2) the convenience

of the witnesses, and (3) the interests of justice. 28 U.S.C. § 1404(a); *Robinson v. Giamarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). For the reasons stated below, the court concludes that this case should be transferred to the Middle District of Florida not only because the first-to-file rule is inapplicable, but also in the interests of justice and judicial economy.

As a threshold matter, the court must consider if the case "might have been brought" in the transferee court. 28 U.S.C. § 1404(a). The court must also ask whether the balance of factors under § 1404(a) weighs in favor of transferring this action to the transferee court. 28 U.S.C. § 1404(a). "District courts have broad discretion in deciding whether to transfer an action to a more convenient forum." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala. 1994). The decision of whether a case should be transferred under § 1404(a) is "'an individualized case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

### 1.  This Case Could Have Been Brought in the Middle District of Florida.

The court begins its analysis by observing that without question this case originally could have been brought in the Middle District of Florida. Defendant minSURG is a Florida corporation with its principal place of business in Clearwater, Florida which is in the Middle District of Florida. In the action currently pending in the Middle District of Florida, Plaintiff Frontier has not argued that the Middle District of Florida lacks jurisdiction over it or this controversy.

### 2.  The Balance of the Relevant Factors Weighs in Favor of Transfer.

Having decided that the Middle District of Florida is a proper transferee district, the court must now "decide whether the balance of convenience favors transfer." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 504 (M.D. Ala. 1994). In applying the law to the facts and allegations in the instant case, the court finds that Defendants seeking transfer to the Middle District

of Florida have satisfied their burden of demonstrating that this action should be transferred "in the interest of justice." 28 U.S.C. § 1404(a).  The analysis under § 1404(a) requires a balancing of practical considerations, including systematic integrity and fairness.  The overarching factor here weighing undoubtedly in favor of transfer is judicial economy.  "Avoiding piecemeal litigation in the 'complex and technical area of patent and trademark law' is desirable." *Excentus Corp. v. Kroger Co.*, 2010 WL 3606016, *4 (N.D. Tex. 2010)  (quoting *Wolf Designs, Inc. v. Donald Mcevoy Ltd., Inc.*, 341 F.Supp.2d 639, 645 (N.D. Tex. 2004) (citing *Whistler Group, Inc. v. PNI Corp.*, 2003 WL 22939214, *5 (N.D. Tex. 2003))).  To allow this case and the one currently pending before Judge Bowdre to proceed in addition to the case in the Middle District of Florida would countenance piecemeal litigation and leave open the possibility of inconsistent rulings.

     Admittedly, Plaintiff actually seeks to enjoin the Florida litigation.  However, Plaintiff here is not the only Defendant in the Florida litigation.  Thus, even enjoining that case on the claims against Plaintiff would not avoid piecemeal litigation.  The only manner of avoiding piecemeal litigation in this circumstance is to transfer Plaintiff's claims in this case to the Middle District of Florida to proceed with all the other claims related to minSURG's patents.  The complexity and technical nature of patent litigation makes it especially problematic to have two (or more) different courts adjudicating the same claims. Transfer will prevent unnecessary duplication of effort and inconsistent rulings.

     The court readily concludes, after undertaking the appropriate balancing of factors, that this case is due to be transferred under § 1404(a) to promote judicial economy.  This is a common sense approach because there are too many courts in too many different judicial districts addressing piecemeal aspects of this controversy.

**III.    Conclusion**

Accordingly, the court finds that the balance of factors weighs in favor of transfer to the Middle District of Florida, where the case could have been filed originally.  Therefore, Defendants' Second Motion to Dismiss Or, in the Alternative, To Stay or Transfer (Doc. # 22),  is due to be granted in part.  A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this ____30th____ day of September, 2010.

_____
 **R. DAVID PROCTOR**
 UNITED STATES DISTRICT JUDGE